IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERELL BILBREW,

       Plaintiff,                              CV F 04 6072 AWI WMW P

    vs.                                     ORDER DISMISSING COMPLAINT
                                              WITH LEAVE TO AMEND

JEANNE WOODFORD, et al.,

       Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at CSP Corcoran.

Plaintiff's allegations in the complaint relate to his medical care. Plaintiff sets forth generalized grievances regarding his medical care. Plaintiff's allegations stem from a delay in receiving an MRI.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual

1  punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id.
2  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to
3  evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."
4  First, a court must examine whether the plaintiff's medical needs were serious. See Id.  Second,
5  a court must determine whether "officials intentionally interfered with [the plaintiff's] medical
6  treatment." Id. at 1132.

7  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
8  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer
9  v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
10  plaintiff must allege that: (1) a person was acting under color of state law at the time the
11  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
12  privileges or immunities secured by the Constitution or laws of the United States.  Paratt
13  v.Taylor, 451 U.S. 527, 535 (1981).

14  The statute plainly requires that there be an actual connection or link between the
15  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
16  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
17  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
18  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
19  in another's affirmative acts or omits to perform an act which he is legally required to do that
20  causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743
21  (9th Cir. 1978).

22  The court finds the allegations in plaintiff's complaint vague and conclusory.  The
23  court has determined that the complaint does not contain a short and plain statement as required
24  by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
25  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
26

v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:     March 16, 2007**                              **/s/  William M. Wunderlich**
j14hj0                                              UNITED STATES MAGISTRATE JUDGE